IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
Milwaukee Division

| | |
|---|---|
| MIKKELSEN GRAPHIC ENGINEERING, INC., <br>     Plaintiff, <br><br> vs. <br><br> ZUND AMERICA, INC., PETER ALSTEN PETER KILBURN, STEPHEN LIDDLE, MARC MASI and DAVID TEBON, <br>     Defendants. | Case No.: 07-CV-391 <br><br> Judge Rudolph T. Randa |

_____

### STIPULATION AND ORDER REGARDING CONFIDENTIALITY
_____

This matter has come before this Court upon stipulation of the parties. The parties recognize that, during the course of this action, they and non-parties may need to disclose, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, trade secrets and other proprietary and confidential technical or commercial information. The parties believe that good cause exists for the entry of this Protective Order because they are competitors in the same field of business.

ACCORDINGLY, IT IS HEREBY ORDERED that the following shall control the handling of confidential information in this action:

    1. Any party or non-party may designate information or documents and things produced, used, or disclosed in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" and thereby render them subject to the protections and requirements of this Order. Only information or documents and things that a party in good faith believes contain or refer to information that is not generally available to or accessible by the general public may be designated

"CONFIDENTIAL." Only information or documents and things that a party in good faith believes contain or refer to trade secrets or other confidential technical or commercial information, the disclosure of which (to the opposing party) would tend to damage the disclosing party's competitive position may be designated "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY." More particularly,

(a) "CONFIDENTIAL" as used in this Order means any type or classification of information which contains trade secrets or other confidential research, development, manufacturing, technical, commercial or financial information whose unauthorized disclosure could be prejudicial to the supplying party's interest.

(b) "HIGHLY CONFIDENTIAL—ATTORNEYS AND EXPERTS ONLY" as used in this Order shall mean confidential information comprising current and future research, technical information, business plans, profitability and pricing information, and customer information that is regarded by the supplying party as highly competitive and sensitive.

2. In the case of a document or thing, a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" shall be accomplished by conspicuously marking the document or thing with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY." [For purposes of this Agreement, the term "document" means all written, recorded, or graphic material, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a

manner that the confidential information is bound separately from that not entitled to protection.]

3. Testimony may be made subject to this Order by designating it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" orally on the record at the time of the testimony or in writing thereafter, pursuant to the following requirements. Counsel may designate portions of a deposition transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" after the deposition, provided such designation is done in writing within 10 days after the testifying party receives a copy of the deposition transcript. Pending notification from opposing counsel during the ten (10) calendar day period, all transcript pages shall be treated as "Confidential-Attorneys Only" and may be used in accordance with such designation under this Protective Order. There shall be no restrictions on confidentiality of information not designated within the prescribed time period. When information that could support a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" is communicated in a deposition, any party shall be permitted to exclude from attendance at the deposition any person not entitled to receive such information.

4. Documents and things produced for inspection for the purpose of allowing selection of documents and things for copying shall be treated as "CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" pursuant to this Order until copies of the documents and things are produced, at which time they shall be handled pursuant to this Order based upon the designation, if any, marked by the producing party.

5. No receiving party shall be under any obligation of confidentiality with respect to a document or thing until a designation is made. The failure to designate documents

and things "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" or the failure to object to such a designation shall not preclude a party from later designating, or objecting to designation of, such information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY." A receiving party may object to any designation of "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" at any time; failure to object for a period of time shall not be a waiver of the right to object.

6. Other than by the producing party, any information or document designated "CONFIDENTIAL" shall be used solely in connection with this action and shall not be disclosed to anyone other than:

a) The Court and reporters, stenographers, clerks, law clerks and other Court personnel;

b) Outside attorneys working on this proceeding and staff and supporting personnel of such attorneys who are working directly on this proceeding under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this proceeding;

c) Non-employee experts for, or consultants to, a party (hereinafter "outside experts"), who are not employed by or associated with a competitor of either party in connection with this proceeding and their agents, stenographic and clerical employees whose duties and responsibilities require access to Confidential Information, provided that before such access is given, such experts or consultants execute a non-disclosure agreement in the form attached hereto as Exhibit A;

d) Any person testifying in a deposition or court proceedings who is the author or a recipient of the document, or is established, prior to the testimony, as knowledgeable of such information;

e) Employees and representatives of the designating party;

f) Any person designated by the court in the interest of justice, upon such terms as the court may deem proper;

g) The parties to this action and their employees thereof, provided that such disclosure is needed to assist in the prosecution or defense of this action and such information is maintained in separate and identifiable files, access to which is restricted to authorized persons, each party will notify the party within one week of the identity of the employees who had access; and

h) Other persons agreed to by the parties.

7. Other than by the producing party, any information or document designated "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" shall be used solely in connection with this action and shall not be disclosed to anyone other than:

a) The Court and court personnel;

b) Counsel and their personnel;

c) Testifying experts, consulting experts, investigators, and advisors retained for purposes of this action who are not employed by or associated with a competitor of either party, subject to the execution of the declaration referred to in Paragraph 9;

d) Any person testifying in a deposition or court proceedings who is the author or a recipient of the document, or is established, prior to the testimony, as knowledgeable of such information; and

e) Other persons agreed to by the parties.

Information designated by a party as "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" shall not be disclosed to the other party or to any employee or agent of the other party, unless expressly authorized by the producing party or by further order of the Court.

8. Prior to disclosure of any documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" to any testifying experts, investigators, consulting experts, or advisors, each such non-party shall execute a declaration in the form of attached Exhibit A and a copy of the executed declaration shall be served upon opposing counsel. The latter may object within seven (7) business days from the date of service and must set forth with specificity the basis for any such objection. In the event an objection is timely served, no disclosure shall occur until the objection is resolved. Any such objections must be based on good cause. Attorneys of record for each of the parties shall retain all of the original executed declarations.

9. Whenever any document or thing designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" or any pleading containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" information is filed with the Court, such document, thing, or pleading shall be filed in a sealed envelope and shall display a bold heading in substantially the follow form: "FILED UNDER SEAL - SUBJECT TO COURT ORDER PROHIBITING PUBLIC DISCLOSURE."

10. Unless otherwise permitted, within sixty (60) days after the final disposition of this action, including all appeals, all documents and things designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY," all copies thereof, and all excerpts therefrom in the possession, custody, or control of parties other than the producing party shall be destroyed or returned to counsel for the producing party. Counsel for parties other than the producing party may retain one copy of each document and thing, work product, and transcript embodying documents, things, or information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" for archival purposes.

11. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either party may apply to the Court for a modification to this Order.

12. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by any party of any information, documents, or things (for which no other obligation of confidentiality exists): that are currently in a party's or individual's possession, custody, or control; that later come into the possession of a party to this action from others lawfully in possession of such information, documents or things who are not parties to this action or bound by this or a comparable Order or obligation; that are in the public domain; or that are required to be disclosed by any law, regulation, order, or rule of any governmental authority. However, a party in receipt of documents, things, or information designated as confidential hereunder who is required to disclose the document or information pursuant to any law, regulation, order, subpoena, or rule of any governmental authority, shall give advance written notice, to the extent possible, of any such disclosure sufficient to afford the parties the opportunity to seek legal protection from the disclosure.

13. Inadvertent production of documents subject to work product immunity or the

attorney-client privilege shall not constitute a waiver of the immunity or privilege. However, the producing party must notify the receiving party in writing of such inadvertent production within ten (10) days of the production of such documents to the receiving party. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request. No use may be made of such document subsequent to the request to return them. Nothing in this Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Order prevents either party from petitioning the Court for return if later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege following expiration of the ten (10) day period.

14. The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Should the supplying party discover such disclosure, upon receipt of written notification and identification of inadvertent disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking. Should the receiving party discover an inadvertent or unintentional disclosure to a third party, the receiving party will notify the supplying party of the disclosure and identify the third party recipient, inform the third party recipient of all provisions of the Protective Order and have them sign the agreement attached hereto as

Exhibit A.

15. Subject to the Federal Rules of Evidence, and the local rules of Court, stamped confidential documents and other confidential information may be offered in evidence at trail or any court hearing. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

16. The restriction of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish that the information was in its rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of Confidential Information.

17. Nothing in this Agreement shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated unless permitted thereunder, agreed upon by the parties or authorized by the Court.

18. The parties agree to abide by and be bound by the terms of this Stipulation upon signature by their attorneys.

By  s/Julie F. Kirby
 Peter N. Jansson
 Julie F. Kirby
 Attorneys for plaintiff
 JANSSON SHUPE & MUNGER LTD.
 245 Main Street
 Racine, WI 53403
 Tel: (262) 632-6900
 Fax: (262) 632-2257

Dated: November 1, 2007


By  s/Erin K. Fay
 James F. Boyle
 Erin K. Fay
 Attorneys for defendants
 BOYLE FREDRICKSON, S.C.
 840 North Plankinton Avenue
 Milwaukee, WI 53203
 Tel: (414) 225-9755
 Fax: (414) 225-9753



Dated: November 1, 2007


**APPROVED AND SO ORDERED** this 1st day of November, 2007.


 s/Rudolph T. Randa
 **HONORABLE RUDOLPH T. RANDA**
 **Chief Judge**
 **U.S. District Court, Eastern District of Wisconsin**

# EXHIBIT A
## DECLARATION OF CONFIDENTIALITY
United States District Court, Eastern District of Wisconsin Case No. 07-CV-391

I, _____, hereby declare as follows:

1. My address is _____.

2. My present employer is _____ located at _____.

3. My present occupation or job description is \_\_ _____.

4. I have received a copy of the "Stipulation and Order Regarding Confidentiality" entered in this action on or about _____.

5. I have carefully read and understand the provisions of the "Stipulation and Order Regarding Confidentiality."

6. I will comply with all of the provisions of the "Stipulation and Order Regarding Confidentiality."

7. I will not disclose to anyone other than those to whom disclosure is permissible under the "Stipulation and Order Regarding Confidentiality" any confidential information on documents and things designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY."

8. I will return, to counsel for the party which disclosed or furnished documents or things to me, all documents and things designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS AND EXPERTS ONLY" which may come into my possession (and all copies thereof), doing so promptly upon the conclusion of this litigation.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the "Stipulation and Order Regarding Confidentiality" and of the terms of this declaration.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____ in _____
                (date)                            (City and State)

                                      _____
                                                (Signature)