**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**MIKKELSEN GRAPHIC
ENGINEERING INC.,**
          **Plaintiff,**

    v.                                          Case No.  07C0391

**ZUND AMERICA INC., et al.,**
          **Defendants.**

---

### DECISION AND ORDER

This decision and order addresses two pending motions, plaintiff's motion to file an amended complaint and plaintiff's motion to compel.  I also address several related motions to seal certain documents.

### I.  MOTION TO AMEND

On July 24, 2009, plaintiff Mikkelsen Graphic Engineering, Inc. ("MGE") filed a motion to amend its complaint for the purpose of adding an additional party, Zund Systemtechnik AG ("ZST"), a Swiss corporation.  Plaintiff states that during its inspection of documents produced by the existing defendants on May 26, 2009, it discovered evidence indicating that ZST is infringing the patents at issue in the present suit, the '168 and '187 patents.  Plaintiff seeks to add infringement claims against ZST.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a district court may grant leave to amend pleadings and shall freely give such leave when justice so requires.  Fed. R. Civ. P. 15(a).  However, "leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" Feldman v. Am. Mem'l Life Ins. Co., 196 F.3d 783, 793 (7th Cir. 1999) (quoting Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir.1992)). When the amendment seeks to add a new party, the court should also consider whether the new defendant would be prejudiced by adding it to a case that is already in progress. Id.

Defendants oppose the motion to amend for a number of reasons. First, they argue that the motion is untimely. However, although this action was commenced on April 27, 2007 and the deadline to join additional parties expired on September 5, 2007, ZST's allegedly infringing conduct did not occur until approximately January of this year. Thus, no matter how diligently plaintiff litigated its case, it could not have filed its amended complaint prior to the deadline for joining additional parties.[1]

Second, defendants argue that allowing the amendment would result in undue delay because of the time it would take to serve ZST in Switzerland. However, I do not plan to halt the proceedings in this case or postpone any deadlines pending ZST's appearance. If as this case progresses it turns out that difficulties in effecting service is interfering with the orderly administration of the case, I will consider exercising my discretion to drop ZST

---

[1]The events giving rise to plaintiff's claims against ZST occurred at least two years after the events that gave rise to plaintiff's claims against the current defendants. It is thus not entirely clear that the new claims against ZST arise out of "the same transaction, occurrence, or series of transactions or occurrences" as the pending claims against the current defendants. Fed. R. Civ. P. 20(a)(2)(A). As such, permissive joinder may be inappropriate. However, defendants do not oppose the motion to amend on the ground that the requirements of Rule 20 are not satisfied. In any event, all claims involve ongoing infringement of the same patents by affiliated companies and therefore appear to arise out of the same series of transactions or occurrences.

2

as a party or sever plaintiff's claims against ZST. See Fed. R. Civ. P. 21. To prevent the need to drop ZST as a party, plaintiff is advised to effect service as soon as possible.

Third, defendants argue that the amendment is futile because ZST has not infringed the patents at issue. However, whether ZST has infringed the patents cannot be determined based on the pleadings alone, and defendants do not argue that plaintiff has failed to state a claim against ZST or that some other pleading deficiency renders the amendment futile.

Fourth, defendants suggest that plaintiff seeks to add ZST to this case simply to obtain discovery materials from it for use against the existing defendants. However, plaintiff has stated a viable claim of infringement against ZST, and defendants' speculation is not enough to convince me that plaintiff is acting in bad faith or with a dilatory motive.

Fifth, defendants argue that it is "unnecessary" to add ZST as a party because the existing defendants would also be liable for any infringement committed by ZST, and therefore plaintiff can obtain complete relief from them. (Br. in Opp. at 7.) However, plaintiff is entitled to sue all defendants who are potentially liable for infringement.

Because plaintiff has a viable infringement claim against ZST that relates to the pending claims against the existing defendants, and because defendants would not be unduly prejudiced if ZST were added as a defendant to the present case, plaintiff's motion to file an amended complaint will be granted. However, I am aware that ZST has not had a chance to weigh in on this motion and that adding it to a case that has been pending for more than two years might be prejudicial. Therefore, if after ZST appears it establishes that it would be unduly prejudiced if the claims against it were litigated as part of the present action rather than in a fresh lawsuit, I will consider severing the claims against it

3

pursuant to Rule 21. However, I find that prejudice is unlikely because ZST's interests appear to be aligned with Zund America, Inc.'s, and presumably Zund America has adequately litigated ZST's interests up to this point.

## II.  MOTION TO COMPEL

Plaintiff seeks to compel production of a number of categories of documents. I consider each category in turn.

### A.    Documents in the Possession of ZST

Plaintiff first argues that defendant Zund America, Inc., must produce documents in the possession of its sister company, ZST, even though ZST is not a party. However, as just discussed, plaintiff has been granted leave to add ZST as a party to this action. Further, in its motion to amend, plaintiff stated that if its motion to amend were granted, the discovery dispute over documents in ZST's possession would be resolved. (Mot. to Amend at 3.) Because the motion to amend has been granted, I presume that all discovery disputes relating to documents within the possession, custody or control of ZST are resolved and that plaintiff will obtain the disputed documents by serving discovery requests on ZST after it has been served with process and has appeared in this action.

### B.    Privilege Log

Plaintiff argues that defendants' privilege log is inadequate in two respects. First, plaintiff argues that the log is inadequate because it does not list privileged documents that were created after the commencement of this lawsuit. Defendants have taken the position that they are not required to produce a privilege log listing documents created after the

4

commencement of the lawsuit. I am not aware of any authority supporting this position, and defendants have cited none.

However, it is not clear what plaintiff is looking for in the first place. If plaintiff seeks a privilege log that lists all communications between defendants and their counsel over the more than two years of this litigation, such a request would be overly broad and unduly burdensome. To avoid the need to waste resources on the preparation of a privilege log listing obviously privileged information, plaintiff should tailor its requests to exclude materials that are obviously privileged, such as communications between defendants and their counsel relating to the present litigation. At the same time, defendants cannot simply refuse to include in their privilege log all responsive documents created after the commencement of this action on the ground that they subjectively believe the documents are privileged. To balance these competing interests, I will instruct plaintiff to narrow its requests to exclude obviously privileged information and identify with precision the documents it seeks. Defendants should then prepare a privilege log that includes any responsive documents prepared after the commencement of this litigation.

Plaintiff also argues that one of the entries on the existing privilege log is inadequate because it does not contain all of the information required by Federal Rule of Civil Procedure 26(b)(5)(A). However, plaintiff does not identify the entry it is referring to. (Reply Br. at 6.) Presumably, however, plaintiff is referring to the one entry for which the "grounds" column was left blank. (Kirby Decl. Ex. 18.) Defendants are ordered to amend their privilege log and state the grounds for withholding this document.

5

**C.    Remaining Documents**

All of the remaining aspects of plaintiff's motion to compel can be handled together. In each case, plaintiff complains that defendants have not produced all responsive documents in their possession, custody or control, and defendants respond that they have produced everything they have. Plaintiff does not believe that defendants have, in fact, produced everything they have, and it asks me to compel the production of documents that may or may not exist. If, as they have, defendants insist under penalty of perjury that no other responsive documents exist, then I am not sure that an order compelling the production of more documents will do any good. However, to eliminate any confusion over whether other responsive documents exist, defendants are hereby ordered to produce any remaining responsive documents within their possession, custody or control.[2] To the extent that additional responsive documents are in the possession, custody or control of ZST, plaintiff can obtain them after ZST appears. However, if defendants have no additional responsive documents within their possession, custody or control, then they obviously need not produce anything else.

**D.    Fees and Costs**

Each party moves for costs and attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5). Because plaintiff's motion will be granted in part and denied in part, the operative provision is Rule 37(a)(5)(C), which states the court "may . . . apportion the

---

[2]To be specific, the relevant documents that defendants must produce if they have them are: (1) those related to beta testing; (2) the pre-2004, 2004, and 2005 documents and things; (3) documents relating to GTK Vision software; (4) documents relating to meetings; (5) handwritten notes; (6) "Pete's OS Workflow Skin"; (7) "Technical documentation" referred to in Zund Bates No. 4195; and (8) the non-produced document referred to in Zund Bates No. 0781.

6

reasonable expenses for the motion." In the present case, I find that each party should bear its own costs and fees. The bulk of the motion was devoted to the issue of whether defendants could be compelled to produce documents in the possession of ZST, and both parties had reasonable arguments in their favor on that issue. My decision to allow plaintiff to add ZST has resolved this issue, and I see no other reason to award costs or fees to either party.

**E.     Spoliation**

Finally, I note that plaintiff accuses defendants of spoliation of evidence and asks me for leave to move for appropriate relief. However, plaintiff has brought only a motion to compel, and I have ruled on that motion. If plaintiff believes that spoliation is an issue that needs to be addressed in a future motion, it is free to bring whatever future motion it thinks appropriate. However, plaintiff should not bring any such motion unless it has strong evidence that defendants have destroyed documents in bad faith. See, e.g., Park v. City of Chicago, 297 F.3d 606, 615 (7th Cir. 2002) (stating that to draw adverse inference from party's failure to produce a document, the party must be shown to have destroyed the document in bad faith). Presently, the record reveals that defendants accidentally lost documents after a computer crashed and after Zund reformatted another employee's computer shortly before Zund was served with the complaint in this action. This evidence does not suggest to me that defendants have acted in bad faith.

### III.  MOTIONS TO SEAL

Plaintiff has filed several documents in support of its motions under seal. (See docket entries ##105, 117 & 130.) The parties have stipulated that certain documents

7

associated with docket entry #105 can be declassified (see docket entry #114), and therefore they will be. They also stipulate that docket entry #111 can be declassified, and therefore it will be. Further, defendants have shown good cause for preserving the confidentiality of six documents attached to the July 10, 2009 Kirby Declaration – Exhibits 20-21, 29, 31-32 and 36. Plaintiff's motion to seal will be granted insofar as it relates to these six documents.

However, no party has shown good cause for keeping confidential the documents subject to plaintiff's two most recent motions to seal. (Docket entries ## 117 & 130.) Therefore, should any party desire to preserve the confidentiality of these documents, that party shall file a statement establishing good cause within ten days of the date of this order. If no statement is filed, the documents will be declassified.

## IV. CONCLUSION

**For the reasons stated,**

**IT IS ORDERED** that plaintiff's motion to file an amended complaint (docket entry #116) is **GRANTED**. The clerk of court shall file the amended complaint attached to the motion as a separate docket entry.

**FURTHER, IT IS ORDERED** that plaintiff's motion to compel (docket entry #94) is **GRANTED IN PART** and **DENIED IN PART**, as stated above.

**FURTHER, IT IS ORDERED** that plaintiff's motion to seal (docket entry #105) is **GRANTED IN PART** and **DENIED IN PART**. The clerk of court shall declassify all documents attached to the July 10, 2009 Kirby Declaration, except Exhibits 20-21, 29, 31-32 and 36, which shall remain sealed. Further, the clerk of court shall declassify the

document associated with docket entry #111, i.e., Exhibit A to the Declaration of Peter Alsten.

**FINALLY, IT IS ORDERED** that any party desiring to preserve the confidentiality of any documents filed under seal in connection with docket entries ## 117 and 130 must file a statement showing good cause for doing so within ten days.

Dated at Milwaukee, Wisconsin this 23 day of September, 2009.

/s_____
LYNN ADELMAN
District Judge