UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MIKKELSEN GRAPHIC ENGINEERING, INC.,**
   **Plaintiff,**

 v.                 Case No. 07-C-0391

**ZUND AMERICA, INC.,**
   **Defendant.**

## DECISION AND ORDER

On June 19, 2012, Zund America, Inc. ("Zund"), filed a notice of appeal to the United States Court of Appeals for the Federal Circuit. This case is ongoing and no final judgment has been entered. However, Zund believes that it is entitled to appeal now because an injunction has been entered against it, see 28 U.S.C. § 1292(a)(1), and because I have resolved all liability issues in this patent-infringement case, see 28 U.S.C. § 1292(c)(2). In addition to filing a notice of appeal, Zund has filed a motion to stay all proceedings in this case pending the outcome of the appeal, which I will grant for the reasons stated below.

Courts have inherent power to stay proceedings when doing so is in the interest of judicial economy. See Landis v. North American Co., 299 U.S. 248, 254 (1936). In the present case, it is obvious to me that a stay pending appeal is in the interest of judicial economy. The parties are presently engaged in costly discovery on damages. This discovery has been costly not only for the parties, but for the court as well. According to a motions report run on the court's electronic-filing system, the parties have filed twenty-three motions since the beginning of 2012 alone. Addressing these motions has consumed a substantial and disproportionate amount of the court's time. It is likely that if

this case were not stayed pending appeal, the parties would file many additional motions before the Federal Circuit disposed of the appeal. Moreover, absent a stay, the court would likely hold a costly trial on damages. If Zund prevails on appeal, much if not all of the parties' and the court's work on these proceedings will have been wasted. Even if Zund does not prevail across the board, it may prevail on certain issues, and the Federal Circuit's rulings on those issues might require that much of the work be redone. Thus, considering the potential waste that could result from proceeding now, I find that a stay pending appeal is the only sensible approach. I have taken into account the potential harm that Mikkelsen may suffer if a stay is granted and find that the interest of judicial economy outweighs Mikkelsen's interest in moving forward now.

Accordingly, **IT IS ORDERED** that Zund's motion to stay (ECF No. 361) is **GRANTED**. All proceedings at the district-court level are stayed pending resolution of the appeal to the Federal Circuit.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2012.

                                              s/ Lynn Adelman  
                                              LYNN ADELMAN  
                                              District Judge

2

Case 2:07-cv-00391-LA   Filed 07/24/12   Page 2 of 2   Document 374