# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MIKKELSEN GRAPHIC ENGINEERING INC.,**
        **Plaintiff,**

   v.                                                                  Case No. 07-C-0391

**ZUND AMERICA INC.,**
        **Defendant.**

## DECISION AND ORDER

This decision and order addresses Mikkelsen Graphic Engineering, Inc.'s ("MGE's") motion to compel, which was filed on July 22, 2014.[1]

First, MGE's request to compel production of emails between Zund America's counsel and a third-party witness, James Doggett, is denied. MGE has not shown that it served a request for production of those emails on Zund. Although MGE claims that the emails fall within its request for "[a]ny and all documents referring or relating in any way to any prior art which [Zund] intends to rely on in this suit," it has not explained how emails between Zund's counsel and a third-party witness about unidentified topics falls within this request.

Second, MGE's request to compel one of Zund's attorneys, Kyle Costello, to attend a deposition is denied. MGE claims to have "properly noticed" the deposition of Costello, and claims that Costello did not attend the deposition. However, MGE has not pointed to

---

[1]The motion was filed as an attachment to MGE's motion for leave to file the motion to compel, which exceeded this district's page limit for that kind of motion. See ECF No. 473. The motion to file a motion that exceeds the page limit will be granted. I will also grant MGE's motion to correct an error in one of the exhibits attached to the motion. See ECF No. 474.

a copy of any subpoena that it served on Costello pursuant to Federal Rule of Civil Procedure 45, and Costello denies having been subpoenaed. Thus, it does not appear that Costello was ever required to attend a deposition. In any event, MGE has no legitimate reason to depose Costello. MGE states that it wants to depose him because he submitted a declaration authenticating one of the videos Zund submitted in support of its motion for summary judgment. But MGE does not explain why a lawyer's submitting a declaration stating that a video depicts what he saw is grounds for deposing the lawyer. MGE has access to the video, and it does not suggest that Costello is lying when he says the video depicts what he saw, and so it is impossible for me to envision a legitimate reason for MGE to depose Costello.

Third, MGE's request for the court to order Zund to take steps to facilitate the deposition of certain third-party witnesses is denied. MGE cites no authority supporting this request, and I am aware of none. If MGE wants to take the depositions of these third parties, it should serve them with a subpoena or other formal process.

MGE's remaining request is to compel Zund to produce a machine known as the Summa T1300. Zund does not dispute that MGE has a right to inspect and test this machine under Federal Rule of Civil Procedure 34(a)(1)(A). However, Zund will not make the machine available to MGE unless one of Zund's representatives is allowed to supervise the inspection. Zund is concerned that, absent supervision, MGE might damage the machine during the test, which would prevent Zund from using the machine as evidence at trial. MGE contends that it is entitled to inspect and test the machine without Zund's supervision.

Zund does not explain how MGE might damage the machine during its test. In part, this may because MGE has not explained what it plans to do during the test, as MGE does not want to reveal its case strategy. But Zund does not identify any damage that it might reasonably expect to occur during any test that could produce information relevant to the issues in this case. Presumably, MGE does not intend to test the machine by smashing it, and MGE has stated that its testing will be "non-destructive." Mot. to Compel at 1. Thus, I see no reason to think that MGE would damage the machine if it were allowed unsupervised access to it. Moreover, if MGE does cause any damage to the machine during its testing, I will impose an appropriate sanction, such as granting relief to Zund on its invalidity defense. Thus, MGE's request for unsupervised access to the Summa T1300 machine will be granted.

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as Zund is ordered to allow MGE unsupervised access to the Summa T1300 machine. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that the motions at ECF Nos. 473 and 474 are **GRANTED**.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2014.

    s/ Lynn Adelman
    LYNN ADELMAN
    District Judge